*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KING, STEPHENS, and GASTON
Appellate Military Judges

————————————

**UNITED STATES**
Appellee

**v.**

**Anthonie L. SCOTT**
Major (O-4), U.S. Marine Corps
Appellant

**No. 201900003**

Decided: 27 May 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Eugene H. Robinson (arraignment)
Stephen C. Reyes (motions)
Mark D. Sameit (trial)

Sentence adjudged 21 August 2018 by a general court-martial convened at Marine Corps Base Camp Butler, Okinawa, Japan, consisting of a military judge alone. Sentence approved by the convening authority: dismissal.

For Appellant:
*Captain Kimberly Hinson, JAGC, USN*

For Appellee:
*Lieutenant Commander Timothy Ceder, JAGC, USN*
*Captain Brian Farrell, USMC*

————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

_____

KING, Senior Judge:

Pursuant to his pleas, Appellant was convicted of violating a lawful general regulation, making false official statements, and larceny, in violation of Articles 92, 107, and 121, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 892, 907, 921. Appellant now raises several summary assignments of error. After review, we affirm his convictions and sentence.

## I. BACKGROUND

While stationed at Marine Corps Base Camp Lejeune, North Carolina, Appellant received permanent change of station [PCS] orders to Okinawa, Japan. Prior to transferring, Appellant moved his family to California. On 31 July 2015, Appellant flew to Okinawa and filed a travel voucher listing Santa Clara, California as his family's final destination, even though his family moved to Murrieta, California, a location with a lower Basic Allowance for Housing [BAH] rate. As a result, over the next thirty months, Appellant was overpaid more than $60,000 in housing allowance to which he was not entitled. After clerks contacted Appellant's wife to verify her home address, and in an effort to continue drawing the higher BAH, Appellant made two false official statements regarding his family's address, one to a Corporal and one to a Chief Warrant Officer 2.

After arriving in Okinawa, Appellant met Hospitalman Third Class [HM3] SD, a female Sailor who worked in the same vicinity as Appellant. Over the course of several months, Appellant engaged in overt, unwelcome sexual behavior towards HM3 SD. Appellant would frequently visit HM3 SD at her workstation and request that she accompany him on "smoke breaks." On these breaks, and in the presence of others, Appellant would make lewd sexual remarks to HM3 SD and refer to her by a nickname he had given her. HM3 SD reported Appellant's behavior to her chain of command and later testified that the repeated sexual comments from a senior officer made her feel "degraded, embarrassed, and disrespected."[1] According to HM3 SD, the

---

[1] Record at 137.

comments continued even after a senior petty officer confronted the Appellant about his "unprofessional behavior."[2]

Appellant eventually entered into a pretrial agreement, pleaded guilty, and admitted to the allegations detailed above. During the sentencing hearing, the Government admitted several pieces of documentary evidence, to all of which Appellant's trial defense counsel specifically stated he had "no objection." The Government also made oral argument regarding an appropriate sentence without any objection.

Appellant now raises several summary assignments of error, asserting it was "plain error" for the military judge to admit certain evidence on sentencing, that trial counsel engaged in improper argument, and that these combined errors merit relief under the "cumulative error" doctrine. Appellant additionally asserts that his sentence was inappropriately severe. Having fully considered Appellant's summarized arguments regarding "plain" and "cumulative" error, we find them to be without merit, warranting neither discussion nor relief. *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987). We take up his assertion of sentence inappropriateness below. In addition, while not briefed by the parties, we find the military judge abused his discretion in accepting Appellant's plea to the larceny specification as charged. We modify that finding to comport to Appellant's statements during providency and affirm the findings as modified and the sentence.

## II. DISCUSSION

### A. Sufficiency of Guilty Plea

Appellant's larceny charge alleged he stole BAH funds from on or about 1 August 2015 until on or about 1 January 2018. The investigation into this allegation revealed that Appellant moved his family to California in August 2015, the same month he executed PCS orders to Okinawa. Upon arrival in Okinawa, Appellant claimed his dependents resided in Santa Clara when they in fact had moved to Murrieta.

However, during providency, Appellant stated that for a period of time he was unaware his dependents were not living in Santa Clara. Specifically, Appellant informed the military judge that when he left for Japan, his dependents were in Santa Clara, where he believed they would be moving into an apartment. According to Appellant, it was not until 3 July 2017 that

---

[2] *Id.*

he first discovered that his dependents actually lived in Murrieta, even though he had visited his family in Murrieta while on leave prior to 3 July 2017. Once he became aware, Appellant admitted to the military judge that he decided to keep the overpayment and, to do so, made a false official statement on 27 November 2017 wherein he claimed his dependents resided in San Jose, California—a city with a BAH rate similar to Santa Clara.

During this same month, military authorities contacted Appellant's wife and inquired as to her actual residential address. Upon learning of this inquiry on or about 29 November 2017, Appellant again falsely certified to military authorities that his dependents resided in San Jose, California. Appellant continued to wrongfully obtain BAH for San Jose until on or about 1 January 2018. The military judge accepted Appellant's guilty plea to stealing BAH overpayments for the period charged.

Prior to accepting a guilty plea, a military judge must ensure the plea is supported by a factual basis. Article 45(a), UCMJ; *United States v. Care,* 40 C.M.R. 247 (C.M.A. 1969); Rule for Courts-Martial 910(e). The military judge must elicit sufficient facts to satisfy every element of the offense in question, and a military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). We will only reject a guilty plea if there is a substantial basis in law or fact to question the plea. *United States v. Pena, 64 M.J. 19, 259, 267 (C.A.A.F. 2007)* (citing *United States v. Prater,* 32 M.J. 433, 466 (C.M.A. 1991)).

The elements for the crime to which Appellant pleaded guilty, as correctly recited by the military judge, were as follows:

> First, that between on or about 1 August 2015 and on or about 1 January 2018, at or near Okinawa, Japan, [Appellant] wrongfully withheld certain property, that is, basic allowance for housing, from the possession of the United States; Second, that the property belonged to the United States government; Third, that the property was of a certain value of more than $500; and Fourth, that the withholding by [Appellant] was with the intent permanently to deprive or defraud the United States government of the use and benefit of the property or permanently to appropriate the property to [Appellant's] own use or the use of someone other than the United States government.[3]

---

[3] Record at 81.

The military judge further explained:

> A taking or withholding is wrongful only if done without the consent of the owner with a criminal state of mind. And as we talked about before, an obtaining is wrongful only when it is accomplished by false pretenses with a criminal state of mind.[4]

Thus, a withholding or obtaining of property is only wrongful if accompanied by the requisite intent.[5] Here, providency established that Appellant lacked such intent until 3 July 2017, when he claims he first discovered his receipt of BAH at the Santa Clara rate was erroneous. Lacking Appellant's admission otherwise, there is a substantial basis in fact to question Appellant's plea of guilty to the Specification of Charge I as drafted and the military judge abused his discretion by accepting Appellant's guilty plea to that charge without modifying the beginning date.

However, we find no substantial basis to question the providence of Appellant's guilty plea to the Specification of Charge I, modified as follows:

> In that [Appellant], while on active duty, did, at or near Okinawa, Japan, between on or about 3 July 2017 and on or about 1 January 2018, steal Basic Allowance for Housing of a value more than $500, the property of the United States, with intent permanently to deprive the United States of the use and benefit of said property.

Having modified the Specification of Charge I, we must now consider whether we can reassess the sentence. *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013); *United States v. Moffeit*, 63 M.J. 40, 41-42 (C.A.A.F. 2006); *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). After analyzing the four factors laid out by our superior court in *Winckelmann*, we can confidently and reliably determine that Appellant's sentence would still include a dismissal.

**B. Whether Appellant's Sentence was Inappropriately Severe**

We review the appropriateness of a sentence de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). This Court "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record,

---

[4] *Id.*

[5] See MCM, Part IV, ¶ 46(c)(1)(f)(i).

should be approved." Art. 66(c), UCMJ. "Sentence appropriateness" involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). The analysis requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-181 (C.M.A. 1959)). However, we are "not authorized to engage in exercises of clemency . . . ." *Healy*, 26 M.J. at 395.

Appellant joined the Marine Corps as an enlisted Marine twenty-five years before his sentencing hearing. During that time, he deployed twelve times, to thirty-seven countries, and spent a total of over 7 years at sea. Over the course of his career, Appellant moved from staff non-commissioned officer, to warrant officer, to commissioned officer—a promotion path achieved by very few. The evidence the Defense submitted at Appellant's sentencing hearing substantiates these promotions.

On the other hand, Appellant stole tens of thousands of dollars from the government, a scheme that included lying to juniors in the course of his official duties while they were in the course of theirs. Moreover, he used his rank and position to subject a junior Sailor to his sexual comments and innuendos, and did so in front of other junior Service Members, one of whom intervened in an unsuccessful attempt to convince Appellant to cease. But Appellant did not cease, leaving a wake of distrust and disrespect. These are serious crimes exposing Appellant to decades of confinement. Weighing the gravity and circumstances of this misconduct against his record of service and the other evidence in extenuation and mitigation, we are convinced that justice was done and Appellant received the punishment he deserves. *See Healy*, 26 M.J. at 395.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings as modified and sentence are correct in law and fact and find no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ. Accordingly, the findings, as modified by this Court, and sentence as approved by the convening authority are **AFFIRMED**.

The supplemental court martial order shall reflect the following finding to the Specification of Charge I: Guilty, except the words and figures "1 August 2015" and substituting therefore the words and figures "3 July 2017." To the

excepted words, not guilty, to the Specification and Charge as excepted and substituted, guilty.

Judges STEPHENS and GASTON concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court